# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| SCOTT HOLTMAN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 3:18-cv-00848** |
| | ) | **Judge Aleta A. Trauger** |
| DR. KILOLO KIJAKAZI, Acting | ) | |
| Commissioner of Social Security,[1] | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM & ORDER

Before the court is the plaintiff's Motion for Attorney Fees and Costs under the Equal Access to Justice Act (Doc. No. 33), seeking an award of attorney's fees in the amount of $20,563, representing 101.8 hours of attorney work at $202 per hour. He also seeks reimbursement of the $400 filing fee. The Commissioner does not oppose the request for fees or the hourly rate sought by plaintiff's counsel but insists that the number of hours expended and, therefore, the total amount sought are both unreasonable and that a total fee award of $7,474 "is the most that would be appropriate." (Doc. No. 35, at 1.) In Reply, plaintiff's counsel maintains that the number of hours he devoted to this matter is reasonable under all the circumstances. He also seeks an additional $909 to compensate him for 4.5 of the 9 hours spent preparing his Reply to the government's Response, for a total fee in the amount of $21,472. (Doc. No. 45, at 12–13.)

For the reasons set forth herein, the court will grant the motion and award fees in the

---

[1] The court takes judicial notice that Dr. Kilolo Kijakazi is now Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kijakazi is automatically substituted for as the defendant in this action.

amount requested in the motion and Reply, $21,472.

## I.     Procedural Background

The plaintiff filed this action under to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration denying his application for Disability Insurance Benefits under Title II of the Social Security Act. The matter was referred to the magistrate judge to issue a Report and Recommendation ("R&R") as to the disposition of the case. The government answered the Complaint and filed the 1,738-page Administrative Record. (Doc. No. 8.) The plaintiff, upon being granted leave to file a supporting memorandum in excess of the 25 pages in length, filed his Motion for Judgment on the Administrative Record and a 32-page supporting brief. (Doc. Nos. 12, 13.) The government opposed his motion (Doc. No. 14), and the plaintiff filed a Reply (Doc. No. 15).

The magistrate judge characterized the plaintiff's assertions of error as focused primarily upon whether the Administrative Law Judge ("ALJ") had properly applied the treating physician rule. (Doc. No. 16, at 10.) Despite finding that the ALJ did not strictly apply the order of inquiry prescribed by the regulations and by the Sixth Circuit in addressing the treating physician's opinion and that the ALJ "did not adequately explain how [the treating psychiatrist's] opinions were not supported by medically acceptable diagnostic techniques" or "provide good reasons to support her conclusion that [the treating psychiatrist's] opinions were not based on objective medical evidence (Doc. No. 16, at 12, 17), the magistrate judge ultimately rejected the plaintiff's contentions of error. The magistrate judge concluded that the ALJ had given "good reasons" for declining to give the treating physician's opinion controlling weight and "adequately supported [the] conclusion that [the treating psychiatrist's] opinions were inconsistent with the other evidence in the record." (*Id.* at 23.) The magistrate judge therefore recommended that the plaintiff's Motion for Judgment

on the Administrative Record be denied and that the Commissioner's decision be affirmed. (*Id.* at 27.)

The plaintiff filed detailed Objections to the R&R, supported by demonstrative exhibits highlighting important evidence in the Administrative Record. (Doc. Nos. 25, 25-1, 25-2, 25-3, 25-4.) The Commissioner filed a Response to the Objections, prompting the plaintiff to file a Reply. (Doc. Nos. 27, 30.) In ruling on the Objections, this court, in a lengthy Memorandum, found that the ALJ had not properly applied the treating physician rule and that the Commissioner's decision was not supported by substantial evidence. (Doc. No. 31.) The court therefore rejected the R&R and granted the plaintiff's Motion for Judgment on the Administrative Record. Further, finding that the proof of disability was strong and that the opinions of the plaintiff's treating psychiatrist were effectively uncontradicted and, as such, entitled to complete deference, the court vacated the ALJ's finding of non-disability and entered an order awarding DIB. (Doc. No. 32.)

## II.    The Motion for Attorney Fees

The plaintiff thereafter filed his timely and well supported Motion for Attorney Fees, seeking to recover fees in the amount of $20,563, representing 101.8 hours of attorney work at the rate of $202 per hour. In the motion, the plaintiff specifically states that (1) he is an eligible party under 28 U.S.C. § 2421(d)(2)(B); (2) he is a prevailing party; (3) the Commissioner's position was not substantially justified; (4) no special circumstances make the award unjust, *id.* § 2421(d)(1)(A); and (5) he seeks fees at a reasonable rate for a reasonable expenditure of time, *id.* § 2421(d)(2)(A). Counsel avers that has practiced law since 1981 and has represented over 1,600 Social Security claimants over the course of more than 38 years. (Doc. No. 33-2, at 1.) He specifically attests that he is not requesting compensation for time spent by his legal assistant on the case or for his own time in conducting "administrative tasks such as requesting additional time to meet a filing

deadline, . . . keeping [his] client apprised of the status of the case via email and telephone, receiving and reviewing orders of the court regarding filing deadlines, etc." (*Id.* at 4.) He also states that he does not seek compensation for hours spent "communicating with [his] client regarding his [paranoid] conviction at one point during the federal court proceedings that he had to dismiss his case . . . in order to put an end to the surveillance he believed SSA was conducting of him." (*Id.*)

The Commissioner does not oppose the plaintiff's request for attorney's fees under the EAJA, the hourly rate at which fees are sought, or the request for reimbursement of the $400 filing fee. She contests only the number of hours worked for which the attorney seeks compensation, arguing that the amount of time spent on the case was not reasonable. The Commissioner posits that the fee petition in this case is "excessive and far outside the range normally seen in cases in this district," representing what "may be the largest request in an SSA EAJA case in this district." (Doc. No. 34, at 2.) She acknowledges that departures from the norm may be "warranted for specific situations such as cases that are not 'straightforward' or records that are lengthy." (*Id.*) But, she argues, the plaintiff only raised two arguments on appeal, both of which are "frequently seen and argued issues that are routine to practitioners in this field of law." (*Id.* at 4.)

The Commissioner points out that plaintiff's counsel devoted 27.2 hours to drafting the initial brief in support of the Motion for Judgment on the Administrative Record; 10.2 hours on his Reply brief; 44.5 hours on Objections to the R&R; and an additional 17.2 hours on the Reply to the Commissioner's Response to the Objections. She argues that the attorney's time entries are "vague," insofar as they note only such things as "work on Brief & Attachments," "work on Objections to R&R and Attachments," and "email exchange with leading SS disability USDC appellate attorney regarding relevant case law." (*Id.* at 4 (citing Doc. No. 33-3, Attorney's

Statement of Time).) The Commissioner argues that, in light of counsel's vast amount of experience in this field of law, he should have been more concise and efficient. She further argues that many of the attachments submitted with the plaintiff's filings, particularly the demonstrative summaries attached to the Objections, were duplicative of the record and wholly unnecessary, as a result of which the time devoted to the preparation of these documents should be excluded as unreasonable. (*Id.* at 5, 6.) Finally, the Commissioner contends that, although the Administrative Record is lengthy, only approximately one-third of it concerned the "brief relevant time period." (*Id.* at 7.)[2] The Commissioner emphasizes that she does not "doubt that the time counsel has annotated was actually expended." (*Id.* at 8.) Her position is simply that the amount of time was not reasonable. She maintains that no more than 37 hours could reasonably have been expended on this case, for a "generous" fee award of $7,474. (*Id.*)

In his Reply, the plaintiff addresses each of the Commissioner's arguments and specifically asserts that (1) the creation of the demonstrative exhibits attached to his Objections was extremely time consuming and made necessary by the "inaccurate factual assertions or unsupported allegations contained in the R&R and Defendant's Response" (Doc. No. 45, at 5); (2) the Commissioner's attempt to discount as irrelevant 1,300 pages of the 1,738-page record is unwarranted and unsupported; (3) the Commissioner's suggestion that attorney's fees should be capped at a certain figure is contrary to the law, and courts around the country have awarded fees in the same range as those sought here; and (4) counsel spent only the number of hours required

---

[2] The Commissioner also objects to the reimbursement of any amount of fees for the time billed for the plaintiff's attorney's legal assistant, as such time was purely clerical in nature. (Doc. No. 34, at 7.) Although it is not clear why plaintiff's counsel included information about the amount of time his legal assistant spent on this case, all of which was devoted to clerical tasks, the plaintiff's motion and the amount of the fee award requested together make it very clear that the plaintiff does not seek reimbursement for any amount of the time billed for the legal assistant's work.

in this particular case to "adequately and comprehensively brief a complicated case with a large transcript" *(id.* at 12). He argues, in short, that "[t]he relevant question . . . is not what is required in *most* social security cases, but what did this case require."" (Doc. No. 45, at 11 (quoting *Glass v. Sec'y of Health & Hum. Servs.*, 822 F.2d 19, at 20 (6th Cir. 1987) (emphasis in original)).)

## III.    Analysis

### A.    The EAJA Requirements

To recover attorney's fees under the EAJA, a plaintiff in a Social Security case must show that: (1) he is a "prevailing party"; (2) the government's opposing position was without substantial justification; and (3) no special circumstances warrant denying relief. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 725 (6th Cir. 2014); 28 U.S.C. § 2412(d)(1)(A). A district court has broad discretion in determining whether fees should be awarded under the EAJA. *Id.* Once a court makes the threshold determination that a party is eligible for EAJA fees, it looks to the lodestar amount as a starting point for calculating a reasonable fee award. *Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 881 (6th Cir. 2016).

The Commissioner does not contest the plaintiff's eligibility for an EAJA fee award—"meaning there is no dispute that [Holtman] was the prevailing party or that the government's litigating position lacked substantial justification." *Id.* Instead, she contends only that the amount of fees sought by the plaintiff is unreasonable.

### B.    Lodestar Calculation

The lodestar amount is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Gisbrecht v. Barnhart*, 535 U.S. 789, 801–02 (2002).

### 1.    *Reasonable Hourly Rate*

Under the EAJA, effective March 29, 1996, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The plaintiff here seeks to adjust the rate based on an increase in the cost of living. In requesting an increase in the hourly-fee rate based on an increase in the cost of living, "Plaintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). The Sixth Circuit "has stressed that . . . the [EAJA's] statutory rate is a ceiling and not a floor" and that "the district courts [should] carefully consider, rather than rubber stamp, requests for adjusted fee awards based on inflation." *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992).

The defendant does not dispute the reasonableness of an hourly rate of $202, and the court finds that the requested rate is not inconsistent with the rate awarded to other attorneys in Social Security cases in this circuit. *See Agee v. Berryhill*, No. 3:12-cv-00958, 2017 WL 3888353, at *5 (M.D. Tenn. Sept. 5, 2017) (Trauger, J.) (collecting cases). The court finds that the increase in the cost of living from March 1996 to April 2018 justifies an hourly rate of $202.

### 2.    *Reasonable Number of Hours Expended on the Litigation*

"The party seeking an award of attorney fees has the burden of demonstrating the reasonableness of hours by providing a detailed documentation of the hours, and the opposing party has the burden of providing evidence against this reasonableness." *French v. Colvin*, No. 3:14-CV-138-PLR-HBG, 2015 WL 4496184, at *3 (E.D. Tenn. July 20, 2015) (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). "Courts are obligated to prune unnecessary hours from fee petitions because '[c]ourts are not authorized to be generous with the money of others, and it is as

much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.'" *Conley ex rel. N.C. v. Comm'r of Soc. Sec.*, No. 1:12-cv-01367, 2013 WL 3280315, at *4 (N.D. Ohio June 27, 2013) (quoting *ACLU v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999)). In addition, "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. . . ." *Hensley*, 461 U.S. at 434.

"The EAJA does not limit the amount of attorney's hours and only requires the attorney to submit all hours in an itemized statement." *Brusch v. Colvin*, No. 15-13972, 2017 WL 1279228, at *2 (E.D. Mich. April 6, 2017) (citing 28 U.S.C. § 2412(d)(1)(B)). While the Sixth Circuit has observed that it is "likely correct that twenty to thirty hours may well be the norm for attorneys to handle most" Social Security cases, as the plaintiff points out, "[t]he relevant question . . . is not what is required in *most* social security cases, but what did *this* case require." *Glass*, 822 F.2d at 20. The court should not "blindly accept counsel's assertion that a certain number of hours were spent working on a particular case," but, if it rejects hours sought by plaintiff's counsel as unreasonable, the court "must identify the hours rejected and specify with particularity the reasons for their rejection." *Id.* (applying this standard in the context of a fee request under 28 U.S.C. § 406(a)).

The Commissioner contends generally that the fee billing entries are insufficiently specific to allow her to "address [their] reasonableness . . . with specificity" (Doc. No. 34, at 4); that the number of hours billed is excessive in light of the "typicality of the issues raised and counsel's asserted expertise" (*id.* at 5); and that the attachments submitted with the plaintiff's briefs were "duplicative of the record and wholly unnecessary" (*id.*). Otherwise, she does not object to any particular hours expended by plaintiff's counsel as unreasonable. She simply maintains that 37 is

the maximum number of hours that could reasonably have been spent on this case (calculated as follows: "20 hours for the brief, 2 hours for the reply, 8 hours for the objection, 2 hours for the reply, 3 hours for miscellaneous contact with the client and other general matters, and 2 hours for the EAJA petition." (Doc. No. 34, at 8)).

The court finds that the plaintiff has provided sufficient evidence in support of the reasonableness of the number of hours expended in this case. Counsel submitted detailed billing records. The case was not straightforward and presented numerous interrelated issues. The Administrative Record was close to 2000 pages long. Counsel spent 27.2 hours on the plaintiff's initial brief, which was 32 pages long. Counsel also filed a Reply brief on which he spent 10.5 hours. He spent even more time on the Objections to the R&R: 44.5 hours plus 17.2 hours on the Reply, and an additional 4 hours on the fee application, though he only requests reimbursement for 2 of those hours. (Doc. No. 33-3.) Although the number of hours spent on the Objections may seem at first glance to be disproportionate, counsel raised a number of discrete objections, all of which required extensive factual support from the record. The court notes, in particular, that the exhibits prepared by counsel, summarizing portions of the Administrative Record, were particularly helpful to the court in resolving the issues presented by the ALJ's decision and the plaintiff's Objections. Plaintiff's counsel, in accordance with *Hensley*, voluntarily omitted from his billing calculation those hours spent on routine administrative matters and the time expended by his legal assistant. In light of the complexity of the case, the court finds the 101.8 hours expended by plaintiff's counsel to be reasonable.

The plaintiff also seeks to recover additional fees associated with the time counsel spent preparing the Reply brief in support of his fee application. Specifically, he seeks to add an additional 4.5 hours to his fee request, which he represents is half the amount of time counsel

actually spent in preparing the Reply. The Reply and the request for additional fees are supported by a second Declaration of Attorney of Plaintiff (Doc. No. 42-1).

The Supreme Court has expressly held that the cost of litigating fee disputes is recoverable by the prevailing party, even if the government's opposition to the fee request is substantially justified. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 164–65 (1990); *see also Agee*, 2017 WL 3888353, at \*7 ("As to the time spent on the fee petition, '[a] court may compensate a claimant for the value of attorney services rendered in defending the propriety of an EAJA award, including a reply brief . . . .'" (quoting *Gunther v. Comm'r of Soc. Sec.*, 943 F. Supp. 2d 797, 806 (N.D. Ohio 2013))).

The court will permit the recovery of a fee for the hours spent preparing the initial Motion for Attorney Fees. The court further finds that the fees requested in association with the preparation of the Reply are reasonable. Counsel's defense of the reasonableness of the amount of time spent on this case was necessitated by the defendant's arguments in support of her objection to the amount sought, most of which could not have been anticipated by the plaintiff. The Reply was supported by a second Declaration in which counsel attests that, although he spent 9 hours on the Reply and Declaration, he only seeks reimbursement for half of those hours.

## IV.    Conclusion and Order

For the reasons set forth above, the plaintiff's Motion for Attorney Fees and Costs under the Equal Access to Justice Act (Doc. No. 33), seeking an award of attorney's fees under the EAJA in the amount of $21,472 (106.3 hours x $202 per hour) and requesting $400 in reimbursement of the filing fee is **GRANTED**.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge